UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

VICTOR MANUEL ALVARADO,

        Defendant.

CR. NO. S-07-88 FCD

MEMORANDUM AND ORDER

----oo0oo----

This criminal case is before the court on defendant Victor Manuel Alvarado's ("Alvarado") motion to withdraw his guilty plea, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) ("Rule 11"). The court heard oral argument on the motion on March 9, 2009. Subsequently, the court requested supplemental briefing on the motion, in light of new arguments raised by Alvarado's counsel at the oral argument. (See Minute Order, filed March 12, 2009.)[1] The court has reviewed the supplemental

---

[1] The court ordered that "[i]n light of the new arguments raised by defendant's counsel at the March 9, 2009 hearing on defendant Victor Alvarado's motion to withdraw his guilty plea, . . . the parties [are directed] to file supplemental briefs on

1

briefing, and considering it, as well as the original briefing and the arguments of counsel at the hearing, the court HEREBY GRANTS Alvarado's motion. An intervening change in the law provides a "just and fair" reason to permit Alvarado to withdraw his guilty plea in this case.

**BACKGROUND**

On July 26, 2007, the government forwarded its first formal plea offer to Alvarado's retained counsel, Percy Martinez ("Martinez"). (Ex. B to Gov't's Opp'n, filed Feb. 6, 2009.) It required Alvarado to plead guilty to the conspiracy count and to agree that the base level was 36, that two points should be added for possession of a dangerous weapon, and that three points should be added because he was a manager or supervisor. (Id. at 6.)

On November 13, 2007, the court scheduled a jury trial for May 6, 2008. (Docket #40.) On January 4, 2008, the government provided notice to all counsel that it would seek a superceding indictment on January 24, 2008, adding charges that Alvarado and others had violated 18 U.S.C. § 924(c). (Ex. C to Gov't's Opp'n.) On January 9, 2008, the government rejected Alvarado's counsel's offer that Alvarado be allowed to plead guilty without accepting an enhancement for an aggravating role. (Id. at Ex. D.) The government instead offered to accept Alvarado's plea, leaving the enhancement issue open to argument at sentencing. (Id.)

---

the issue of whether United States v. Williams, 2009 WL 563644 (2nd Cir. March 5, 2009) provides an alternative, legal basis for defendant to withdraw his plea."

2

On January 24, 2008, the grand jury returned the superceding indictment, adding a charge against Alvarado for using a firearm in furtherance of a drug trafficking offense under Section 924(c). On March 25, 2008, the government again proposed a plea agreement to Alvarado; this agreement contemplated a cooperation agreement which would have included a role enhancement. (Id. at Ex. F.) On April 4, 2008, the government informed Alvarado that if the pending offer was not accepted by the trial confirmation hearing on April 14, 2008, it would be withdrawn. (Id. at Ex. G.)

Alvarado indicated he was interested, and on April 9, 2008, he met with the government's counsel and agents to make a proffer. The government determined that Alvarado was not credible and withdrew the cooperation offer the following day. (Id. at Ex. H.) Subsequently, the government made a package plea deal to five of the remaining defendants. (Id. at Ex. I.) According to the terms of the offer, Alvarado would have to plead guilty to the conspiracy and to the Section 924(c) charge, and the government retained the ability to argue that he should be given an enhancement for his role in the offense. (Id.)

On April 14, 2008, Alvarado appeared before the court and confirmed for trial. (Docket #68.) On April 30, 2008, Alvarado filed his trial brief stating: "At this trial, [he] will concede and admit that all of the [charges] [against him] are true," and Alvarado is proceeding to trial only to adjudicate "whether or not [he] should receive an enhanced punishment for leadership in connection with the charged offenses." (Docket #97.)

1    In response to this brief, the government informed Alvarado
2    that it believed the issue of the applicability of a guideline
3    enhancement is for the court to determine at sentencing, not the
4    jury.  The government forwarded yet another plea offer, excising
5    Alvarado from the package deal, leaving the issue of a role
6    enhancement open to argument at sentencing, and obligating the
7    government to recommend a reduction for acceptance of
8    responsibility regardless of Alvarado's right to contest the role
9    enhancement.  (Ex. J to Gov't's Opp'n.)  In response, Alvarado's
10   counsel requested the ability to present argument and evidence in
11   support of departures for overstated criminal history and
12   drug/alcohol abuse, and on May 4, 2008, the government forwarded
13   an amended version of the agreement containing those rights.
14   (Id. at Ex. K.)

15       On May 5, 2008, Alvarado entered guilty pleas to counts one
16   and three of the superceding indictment, charging, respectively,
17   conspiracy to distribute and to possess with intent to distribute
18   methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1),
19   and possession of a firearm in furtherance of a drug trafficking
20   crime, in violation of 18 U.S.C. § 924(c).  The plea agreement
21   provided that the court could, "in its discretion impose any
22   sentence it deems appropriate up to and including the statutory
23   maximum stated in this Plea Agreement."  (Docket #108 at 2.)  It
24   further stated that Alvarado understood "that neither the
25   prosecutor, defense counsel, nor the Court can make a binding
26   prediction or promise regarding the sentence [he] will receive."
27   (Id.)  It stated that the maximum allowable penalty on both of
28   counts one and three was life in prison, and that there was a

mandatory minimum penalty of ten years imprisonment on count one and five years on count three, and that the sentences had to be served consecutively. (Id. at 4-5.) The agreement also included various guideline stipulations, including the following:

> **Role in Offense**: The parties agree that the applicability of any enhancement pursuant to U.S.S.G. § 3B1.1(b) may be determined by the Court at sentencing. The defendant retains the right to present argument and evidence that the enhancement does not apply, and the government is free to do the same in support of an enhancement of up to three levels under U.S.S.G. §3B1.1. The government will continue to recommend a reduction for acceptance of responsibility despite the defendant's reservation of rights to contest this issue.

(Id. at 6-7.)

At the beginning of his Rule 11 colloquy, Alvarado swore to tell the truth. (Ex. L to Gov't's Opp'n at 3.) He affirmed that he was "fully satisfied with the advice and representation" given to him by his attorney. (Id. at 5.) He affirmed that his plea was made pursuant to the terms of the written plea agreement, and the government then set forth its essential terms. (Id. at 5-7.) Alvarado affirmed that the government accurately outlined the essential terms of his agreement. (Id. at 7.) The court then asked Alvarado, "Has anyone made any other promises to you to induce you to enter a plea of guilty aside from those contained in this agreement?" (Id. at 7-8.) Alvarado answered, "No." (Id. at 8.)

The court reviewed the maximum penalties Alvarado faced, and he affirmed that he understood them. (Id. at 8-9.) Alvarado stated he had discussed the sentencing guidelines with his attorney and that he understood that the court was not bound by the guidelines. (Id. at 9-11.) At the close of the

5

proceeding, the court found that Alvarado's guilty pleas were knowing and voluntary, and they were entered upon the records of the court. (Id. at 18.) Sentencing was set for August 4, 2008. (Docket #106.)

However, Alvarado's sentencing was continued twice at his request to October 20, 2008. (Docket #s 167, 178.) Thereafter, on October 14, 2008, Alvarado requested and received new counsel, and his sentencing was reset to January 12, 2009. (Docket #223.) On October 24, 2008, Alvarado sent the court a hand-written request to withdraw his plea, making a number of accusations against Martinez. (Docket #234.) Alvarado's sentencing was continued one further time at his request, and his new counsel filed the instant motion on January 16, 2009. (Docket #s 243, 261.)

**STANDARD**

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty prior to the imposition of sentence if he "can show a fair and just reason for requesting the withdrawal." The Ninth Circuit has recognized that "while the defendant is not permitted to withdraw his guilty plea 'simply on a lark,' the 'fair and just' standard is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citations omitted). Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid. United States v. Davis, 428 F.3d 802, 806 (9th Cir. 2005).

In this circuit, fair and just reasons for withdrawal may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Id. at 805. "Intervening circumstances" can include a change in law applicable to the case. United States v. Oretega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004) (holding that a change in the law provided a fair and just reason to permit withdrawal of a guilty plea as the "intervening precedent" affected the likelihood of success of a legal argument in the case).[2]

The Ninth Circuit has also held that certain erroneous or inadequate legal advice may constitute a fair and just reason for plea withdrawal, even without a showing of prejudice. McTiernan, 546 F.3d at 1167. For example, while the Ninth Circuit has held that, generally, an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to withdraw his plea (United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990)), it has recognized that a defense counsel's "*gross*

---

[2] In Oretega-Ascanio, the defendant plead guilty to a violation of 8 U.S.C. § 1326, charging him with being a deported alien found in the United States. After the defendant's plea, the United States Supreme Court decided INS v. St. Cyr, 533 U.S. 289 (2001) which held that the AEDPA could not apply retroactively to bar Section 212(c) discretionary relief to aliens who were eligible for such relief at the time they pled guilty to the offense that rendered them ineligible under the AEDPA. Nine months after the St. Cyr decision, Oretega-Ascanio moved to withdraw his plea so that he could move to dismiss the indictment under St. Cyr. The Ninth Circuit held that the district court abused its discretion in denying Oretega-Ascanio's motion to withdraw his plea because under St. Cyr he had a "plausible ground" for dismissal. 376 F.3d at 887.

7

*mischaracterization*" of the possible sentence in a case could constitute a fair and just reason to permit withdraw of a guilty plea, even where the Rule 11 colloquy adequately informed the defendant of his possible sentence (Davis, 428 F.3d at 808). In Davis, the court held that where counsel made a "gross mischaracterization" of the defendant's possible sentence in the case, the defendant could withdraw his plea upon showing that the "mischaracterization plausibly could have motivated his decision to plead guilty." Id.; see also McTiernan, 546 F.3d at 1168.

Ultimately, each case must be reviewed in the context in which the motion to withdraw arose to determine whether a fair and just reason exists. McTiernan, 546 F.3d at 1167; see also Fed. R. Crim. P. 32 Advisory Committee's Note (1983).

**ANALYSIS**

Alvarado moves to withdraw his plea on two alternative bases: (1) Alvarado's former counsel, Martinez, "grossly misrepresented" his possible sentence in this case when he told him that under the plea agreement he would receive 16 years, or at worst 17 years, yet his within-guidelines sentencing exposure exceeds 24 years or (2) intervening law now provides Alvarado with a plausible ground to object to the imposition of a consecutive five-year sentence under Section 924(c) (see United States v. Williams, 2009 WL 563644, *1 (2nd Cir. March 5, 2009) (which created a circuit split in holding that Section 924(c)'s five year mandatory sentence is inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction

or set of operative facts as the firearm offense).[3]  For the following reasons, the court finds that the latter basis provides a legal ground to permit Alvarado to withdraw his guilty plea.

The court considers first, however, Alvarado's argument that his former counsel grossly misrepresented his possible sentence in this case, and that under the Ninth Circuit's decision in Davis, that misrepresentation provides a "fair and just" reason to permit him to withdraw his guilty plea.  In Davis, the defense counsel's representation to the defendant that his potential sentencing range was probation to eight years was found to be a gross mischaracterization because for the defendant in Davis to have received probation, the court would have had to depart 20 to 30 levels, and the Ninth Circuit found there was "little, if any, likelihood" of the court doing so.  Davis, 428 F.3d at 805. Thus, by mentioning a sentence of probation as a possibility, the Ninth Circuit found that the defense counsel grossly misrepresented the likely outcome in the case, and that representation could have plausibly impacted the defendant's decision to plead guilty.  Id. at 806, 808.

Here, Alvarado contends that similar to Davis, his former counsel grossly misrepresented his possible sentence in this case when Martinez told him that under the plea agreement he would receive 16 years (192 months), or at worst 17 years, yet his within-guidelines sentencing exposure exceeds 24 years.  This

---

[3] The Ninth Circuit has not ruled on the issue.  Although the First, Fourth, Sixth and Eighth Circuits have found to the contrary of Williams.  United States v. Parker, 549 F.3d 5 (1st Cir. 2008); United States v. Studifin, 240 F.3d 415 (4th Cir. 2001); United States v. Jolivette, 257 F.3d 581 (6th Cir. 2001); United States v. Alaniz, 235 F.3d 386 (8th Cir. 2000).

eight year plus difference, Alvarado contends, renders his counsel's representation that Alvarado would receive a 16 year sentence a "gross-misrepresentation" of his potential sentence, which could have "plausibly" motivated Alvarado's decision to plead guilty. Id. at 807-08.

It is well established Ninth Circuit law that, generally, an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to withdraw his guilty plea. Garcia, 909 F.2d at 1348. The Ninth Circuit has only recognized a limited exception to this rule when there has been a "gross-mischaracterization" of the likely outcome in the case. Davis, 428 F.3d at 805. Here, Martinez' representation to Alvarado regarding his likely sentence cannot be deemed a gross-misrepresentation under Davis. Unlike Davis, in this case, for Alvarado to receive a sentence of 16 years, the court would not have to depart at all; indeed, there is only one enhancement contemplated in the plea agreement that could raise Alvarado's sentence above 16 years, and the plea agreement expressly reserves Alvarado's right to contest that enhancement. Whereas in Davis, a probationary sentence was only a theoretical possibility, in this case, the prediction of 16 years is an outcome that defense counsel specifically negotiated for defendant. If Alvarado succeeded in challenging the enhancement at sentencing, the plea agreement expressly required the government to recommend the 16 year sentence.

Ultimately, prior to trial in this case, Alvarado informed the court that he admitted his guilt and wished only to contest a leadership enhancement. He signed a plea agreement whereby he

admitted his guilt and reserved the ability to argue that he was not a leader. The lawyer he criticizes so harshly now negotiated not only the chance to litigate that issue, but also obtained for Alvarado credit for acceptance of responsibility and a low end recommendation from the government. That is the agreement that was described to Alvarado in open court and that he agreed he understood. Now Alvarado is asking to withdraw his plea because his attorney predicted a sentence wholly consistent with the terms of that agreement. Such a prediction cannot provide a "fair and just" reason to permit withdrawal of Alvarado's guilty plea.

While the court cannot find that Martinez' representation of Alvarado provides grounds to permit Alvarado to withdraw his plea, Alvarado's alternative argument--that an intervening change in the law provides a basis to allow withdrawal of his guilty plea--does provide a "fair and just" reason to permit withdrawal in this case. The Ninth Circuit has recognized that a change in the law affecting sentencing can provide a fair and just reason to permit withdrawal of a guilty plea. Ortega-Ascanio, 376 F.3d at 887; see also United States v. Pacheco-Navarette, 432 F.3d 967, 969 n. 1 (9th Cir. 2005) (noting that rather than argue his plea was invalid in light of a subsequent United States Supreme Court case, the defendant could have prior to sentencing "moved to withdraw his guilty plea for the 'fair and just reason' of an intervening Supreme Court decision"). The law need not, however, be binding precedent, as the Ninth Circuit has emphasized that Rule 11's standards are to be "liberally applied" and that a defendant must show only that the change in law provides a

11

"plausible ground" for not pleading guilty. <u>Ortega-Ascanio</u>, 376 F.3d at 887; <u>see also</u> <u>United States v. Fiander</u>, 2008 WL 5377885 (E.D. Wash. Dec. 23, 2008) (finding that intervening circuit court opinions clarifying the elements of conspiracy provided a fair and just reason to permit the defendant's withdrawal of his guilty plea to a conspiracy charge).

Here, Alvarado contends that in light of the Second Circuit's decision in <u>Williams</u> a reasonable defendant might choose not to enter into a plea agreement that stipulates to a consecutive five-year sentence under Section 924(c). At the time of Alvarado's plea, no court had held Section 924(c) inapplicable to a Section 841 conviction which imposed a greater minimum sentence than that provided by Section 924(c). The relevant portion of Section 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(I) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c). Prior to <u>Williams</u>, all circuits to have addressed the issue had held that Section 924(c) dictates an additional minimum sentence for an underlying drug trafficking offense perpetrated while using or carrying a firearm, regardless of whether the drug trafficking offense provides a greater minimum sentence. These courts held that only if "'a greater minimum sentence is otherwise provided' *on account of the firearm*," then under the 'except clause' that greater minimum . . . . supercede[s] the otherwise applicable section 924(c)

12

adjustment." Parker, 549 F.3d at 11 (emphasis in original).[4]  In all other instances, Section 924(c) requires imposition of an additional minimum sentence.  Id.

Contrary to Parker and the other circuit courts in accord with Parker, the Second Circuit in Williams held that the mandatory minimum sentence under Section 924(c)(1)(A) is inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense.  The Second Circuit held that the except clause is not ambiguous--it "'means what it literally says'"--that the minimum sentences it requires do not apply where "a greater minimum sentence is otherwise provided by . . . any other provision of law."  2009 WL 563644 at *4.  The Second Circuit refused to "judicially" insert the word "firearm" into the except clause.  The court held that if Congress had intended the except clause to refer only to punishments for firearms offenses, it could have simply drafted the clause to read: "'except to the extent that a greater minimum sentence is otherwise provided by this *section*.'"  Id. (emphasis in original).  Instead, the court emphasized, Congress chose the more expansive phrase, "'this *subsection* [Section 924(c)] or *any other provision of law*.'"  Id.

---

[4] Accord Alaniz, 235 F.3d at 389 (finding "no support for the proposition . . . that subdivision (c)(1)(A)'s 'greater minimum sentence' clause applies to the predicate drug trafficking crime or crime of violence of which a particular defendant has been convicted[, rather] [s]ubdivision (c)(1)(A)'s 'greater minimum sentence' clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or 'by any other provision of law'"); see also Studifin, 240 F.3d at 420-24 (expressly following Alaniz); Jolivette, 257 F.3d at 586-87.

13

(emphasis in original).

Alvarado contends that pursuant to Williams he now has a plausible ground to argue against imposition of an additional five-year consecutive sentence under Section 924(c). Williams was decided well after Alvarado entered his plea in this case; at the time of his plea, no law supported the proposition that Section 924(c) is inapplicable where the drug trafficking offense provides a greater mandatory minimum sentence. Now, such law does exist. The Ninth Circuit recognizes that a change in the intervening law provides a fair and just reason to permit withdrawal of a guilty plea. Ortega-Ascanio, 376 F.3d at 887; Pacheco-Navarette, 432 F.3d at 969 n. 1. Williams is that law in this case, and it provides the legal basis for granting Alvarado's Rule 11 motion.[5]

**CONCLUSION**

For the foregoing reasons, Alvarado's motion to withdraw his guilty plea is GRANTED on the basis of an intervening change in the law. At the request of both parties, a change of plea is set for April 20, 2009 at 10:00 a.m. in Courtroom 2.

IT IS SO ORDERED.

DATED: April 15, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] In so holding, the court does not render its decision as to whether it would follow Williams or the Parker line of decisions in imposing any sentence on Alvarado.

14