UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:7-cr-00088-KJM |
| Plaintiff, | |
| v. | ORDER |
| VICTOR ALVARADO, | |
| Defendant. | |

Defendant Victor Alvarado, a prisoner proceeding *pro se*, is currently serving a 228 month prison sentence for intent to distribute methamphetamine (count one); conspiracy to do the same (count two); and possessing a firearm in furtherance of drug trafficking (count three). *See* Superseding Indictment, ECF No. 42 (charging violations of 21 U.S.C. §§ 841(a)(1), 846, and § 924(c)). He began his sentence on October 1, 2009, and at this point has approximately 123 months remaining. *See* Sentencing Mins., ECF No. 299 (originally sentenced to 295 months); Mar. 24, 2016 Order, ECF No. 392 (granting stipulation to reduce sentence to 228 months based on Amendment 782 to the U.S. Sentencing Guidelines, made retroactive on July 18, 2014). He now seeks appointment of counsel to help him determine if his sentence is unconstitutional in

1

light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Mot., ECF No. 399. As explained below, this motion is DENIED.

I. LEGAL STANDARD

Though he does not expressly cite the statute, defendant seeks counsel to assist him in drafting a motion to vacate, set aside or reduce his sentence or conviction under 28 U.S.C. § 2255(a). *See* Mot. at 1-2.

There is no constitutional right to appointment of counsel when moving to collaterally attack one's sentence or conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions") (citation omitted); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding") (citation omitted). But, if the defendant is indigent and "the complexities of the case are such that denial of counsel would amount to a denial of due process," then appointment of counsel is mandatory. *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)).

District courts also have discretionary power under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a § 2255 proceeding when "the court determines that the interests of justice so require" and the movant is financially eligible. In deciding whether to appoint counsel to assist in filing a post-conviction motion, courts "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

II. DISCUSSION

As explained below, because defendant's anticipated § 2255 motion is unlikely to succeed, appointment of counsel is not warranted.

A. *Dimaya* Does Not Apply

As noted, defendant seeks counsel to assist him with a § 2255 claim based on the Supreme Court's April 17, 2018 decision in *Dimaya*, 138 S. Ct. 1204. In *Dimaya*, Immigration Judges determined the defendant was a deportable alien under the Immigration and Nationality

Act, 8 U.S.C. § 1101(a)(43)(F), because he had been previously convicted of two aggravated felonies that satisfied the definition of a crime of violence under 18 U.S.C. § 16(b). *See Dimaya*, 138 S. Ct. at 1210-11. On appeal, the Ninth Circuit found the residual clause of 18 U.S.C. § 16(b) unconstitutionally vague and the Supreme Court affirmed. *Id.* (citing same reasons as enumerated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated similar clause in the Armed Career Criminal Act).

Here, defendant argues *Dimaya* raises questions as to the validity of his sentence. Mot. at 2. Specifically, he notes his sentence was enhanced under 18 U.S.C. § 924(c)(3), which contains a residual clause mirroring the invalidated clause in *Dimaya*. *Id*. Defendant argues he needs the assistance of appointed counsel to determine how *Dimaya* applies here. *Id.*

The court disagrees. Counsel would be of little benefit here because *Dimaya* plainly does not apply. This is not an immigration case and defendant's convictions under 21 U.S.C. §§ 841(a)(1), 846, and § 924(c)) are neither related to the Immigration and Nationality Act nor § 16(b). As defendant notes, § 924(c)(3)(b) defines a "crime of violence" using language similar to § 16(b), but *Dimaya* did not address § 924(c)(3)(b). The constitutionality of § 924(c)(3)(b) is currently being litigated in the Fourth Circuit. *See United States v. Simms*, Case No. 15-4640 (4th Cir. argued Oct. 28, 2016) (held in abeyance pending *Dimaya*)[1]; *United States v. Ali*, Case No. 15-4433 (4th Cir. filed July 10, 2015) (held in abeyance pending decision in *Simms*). *Dimaya* does not apply, however, and unless and until § 924(c) is invalidated, defendant's anticipated motion is premature.

B. Defendant's Anticipated § 2255 Motion is Time Barred

Even if *Dimaya* applied here, defendant's anticipated collateral attack would be time barred under 28 U.S.C. § 2255(f). Ordinarily, § 2255 motions must be filed within a year of a defendant's judgment. *Id.* § 2255(f)(1). Here, defendant's judgment became final almost eight years ago, in November 2009. *See* ECF No. 313. The one-year limitation applies unless a

---

[1] Although *Dimaya* was decided in April, *Simms* remains pending with oral argument calendared for September 26, 2018. *See* Case No. 15-4640, Dkt. No. 60.

3

Supreme Court decision recognizes a new constitutional right and is "made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3).

*Dimaya* itself does not say it applies retroactively, and it is for the Court in *Dimaya* to make such a determination. *See, e.g., Henderson v. United States*, No. 2:14-CR-11, 2018 WL 3536075, at *7 (S.D. Ga. July 23, 2018); *Lindsay v. United States*, No. CV 16-3281 (SDW), 2018 WL 3370635, at *3 n.1 (D.N.J. July 10, 2018) ("the Supreme Court has not held *Dimaya* to be a new rule of constitutional law of retroactive application"); *Johnson v. United States*, No. CR RDB-11-346, 2018 WL 2967336, at *4 (D. Md. June 13, 2018) (same); *Pollard v. United States*, 2018 WL 2247256, at *2 (S.D. Ga. May 16, 2018) (same).

The time bar strongly weighs against appointing counsel here given that a time bar diminishes a claim's "likelihood of success on the merits," as is required to justify the appointment of counsel. *See Weygandt*, 718 F.2d at 954 (noting a claim's likely success on the merits is critical in deciding whether to appoint counsel); *see also Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946-47 (11th Cir. 2014) (when determining whether to appoint counsel, courts can "consider [ ] whether a proposed petition would clearly be barred for a reason unrelated to the merits . . . such as a statute-of-limitations bar"); *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1260-62 (11th Cir. 2014) (concluding petitioner was not entitled to appointment of counsel where his § 2254 claims were time-barred); *see also United States v. Jauregui*, No. 4:07-CR-00187-BLW, 2012 WL 1413382, at *2 (D. Idaho Apr. 23, 2012) (denying motion to appoint counsel where anticipated § 2255 motion "if filed from this point forward, would be time barred"); *United States v. Skinner*, No. 3:03–cr–00176–LRH–VPC, 2010 WL 1462935, at *2 (D. Nev. Apr. 9, 2010) (same); *Perez-Serrano v. United States*, No. CR F 02-5190 AWI, 2007 WL 2688779, at *3 (E.D. Cal. Sep't 12, 2007) (same; noting where petitioner sought counsel to assist with anticipated § 2255 claims that would be time-barred, the "interests of justice do not weigh in favor of granting Petitioner's motion for appointment of counsel because neither Petitioner's request nor the court's own review of the record reveal any issue that would benefit from the attention of an appointed attorney.").

/////

4

### III. CONCLUSION

Because there is no basis upon which defendant's anticipated § 2255 motion could succeed, based on its merits or its timing, this case would not benefit from the appointment of counsel. Defendant's motion is DENIED, without prejudice.

IT IS SO ORDERED

This resolves ECF No. 399.

DATED: August 13, 2018.

_____
UNITED STATES DISTRICT JUDGE