UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>VICTOR MANUEL ALVARADO,<br><br>　　　　　Defendant/Movant. | No. 2:07-cr-0088 KJM DB 1<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2009 conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He argues the U.S. Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019) requires that conviction be voided. Upon screening, this court finds movant fails to state a claim for relief because the holding in Davis is inapplicable to his conviction. Accordingly, this court will recommend the motion be denied.

**BACKGROUND**

In April 2009, movant plead guilty to three counts – (1) conspiracy to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846; (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

924(c).  (See Judgment (ECF No. 304).)  On October 1, 2009, movant was sentenced to 235 months as to each of the first two counts, to be served concurrently, and 60 months as to the third count, to run consecutively, for a total term of 295 months.  (Id.)  In 2016, movant's total sentence was reduced to 228 months.  (ECF No. 392.)

Movant appealed his sentence arguing that the district court failed to properly consider the relevant § 3553(a) factors and based on the district court's refusal to exercise its discretion to depart from the Sentencing Guidelines' treatment of methamphetamine offenses.  (ECF No. 342.)  The Ninth Circuit affirmed the sentence.  (Id.)

## SECTION § 2255 MOTION

Movant argues that the U.S. Supreme Court's recent decision in Davis requires that his conviction under 18 U.S.C. § 924(c) be overturned.  (ECF No. 401.)  In Davis, the Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is void for vagueness.  United States v. Davis, 139 S. Ct. 2319 (2019) (citing Johnson v. United States, 135 S. Ct. 2551 (2015)).

Movant was convicted of a violation of § 924(c) for possession of a firearm in furtherance of a drug trafficking crime.  Section 924(c)(1) provides in relevant part that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" receive an additional sentence.  Thus, § 924(c)(1) applies to two sorts of crimes – crimes of violence and drug trafficking crimes.

Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.). . . ."  Movant plead guilty to two violations of the Controlled Substances Act.

The Court in Davis did not consider drug trafficking crimes.  Rather, the defendant in that case challenged the alternative basis for application of § 924(c)(1) – crimes of violence.  The Court in Davis considered the definition of "crime of violence" found in § 924(c)(3)(B), the residual clause.  Therefore, the decision in Davis has no application to movant's conviction under § 924(c)(1) for drug trafficking crimes.

2

Because movant fails to state a potentially meritorious claim for relief under 28 U.S.C. § 2255, his motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (ECF No. 401) be denied; and
1. The Clerk of the Court be directed to close the companion civil case No. 2:19-cv-1300 KJM DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/alva0088.2255 fr

3